### REMER *v.* LONG ISLAND R. CO.

*(Supreme Court, General Term, Second Department.* May 14, 1888.)

1. RAILROAD COMPANIES—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

In an action against a railroad company for negligently killing plaintiff's intestate, it appeared that at the time of the accident deceased was walking on a section of defendant's track, built over low, marshy ground, on each side of which there was a ditch filled with water; that there was no way of getting off the track except by jumping into or across the ditch; that, when deceased first saw the engine of defendant, it was about 922 feet behind him, and he was about 150 feet from a platform, where he could get off the track; that the engineer well knew the difficulty deceased would have in getting off the track at that place; and that he was running at such a speed that, by reversing his engine, he could have avoided running him down. *Held* that, under all the circumstances, it was a question for the jury to determine what decedent ought to have done to avoid the injury, and whether or not he was guilty of contributory negligence.

2. SAME—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action against a railroad company for negligently killing plaintiff's husband while she and deceased were walking on defendant's track, plaintiff may properly be allowed to testify that she was ill at the time, as explaining the conduct of deceased in his care for her on the occasion.

3. SAME—INJURIES TO PERSONS ON TRACK—NEGLIGENCE—EVIDENCE.

In an action against a railroad company for negligently killing plaintiff's intestate while walking on defendant's track, the conduct of defendant's engineer upon the occasion being in issue, it is not error to permit an expert engineer to testify as to the effect of shutting off steam when deceased was first discovered; such evidence being followed by an instruction that if defendant's engineer, as soon as he had reason to believe that deceased was in a place of danger, took all means in his power to prevent the accident, that would be a discharge of his duty.

4. SAME—INJURIES TO PERSONS ON TRACK—DUTY OF COMPANY TO TRESPASSERS.

A railroad company must exercise ordinary diligence and care to avoid injury to a trespasser upon its track.[1]

5. SAME—INJURIES TO PERSONS ON TRACK—EVIDENCE—OPINION—FACT FOR THE JURY.

In an action against a railroad company for negligently killing plaintiff's intestate while he was walking on defendant's track, the difficulty of getting off the track at the place where the accident occurred being in issue, a statement by a witness that there was no difficulty in getting off the track at that place is properly rejected, as the question was one to be determined by the jury upon the facts proved.[2]

6. WITNESS—EXAMINATION—REFUSAL TO ALLOW QUESTIONS TO BE REPEATED.

A refusal to allow a party to repeat a question that has already been answered, is not error.

Appeal from circuit court, Kings county; EDGAR M. CULLEN, Justice.

Action by Mary C. Remer, as administrator of her deceased husband, Thomas C. Remer, against the Long Island Railroad Company, for the neg-

---

[1] One who goes upon a railroad track without license of the company is a trespasser, and guilty of such contributory negligence as will defeat recovery for injuries received through the negligence of employes of the company in failing to discover him. The company is only liable for the wanton conduct or reckless carelessness of its servants after the situation of the trespasser is perceived. Railroad Co. v. Monday, (Ark.) 4 S. W. Rep. 782; Bouwmeester v. Railroad Co., (Mich.) 34 N. W. Rep. 414. See Railroad Co. v. Smith, (Ga.) 3 S. E. Rep. 397; Masser v. Railroad Co., (Iowa,) 27 N. W. Rep. 776, and note; Scheffler v. Railway Co., (Minn.) 21 N. W. Rep. 711; May v. Banking Co., (Ga.) 4 S. E. Rep. 330; Nichols' Adm'r v. Railroad Co., (Ky.) 6 S. W. Rep. 339; Kennedy v. Railroad Co. (Colo.) 16 Pac. Rep. 210; Railroad Co. v. Colman's Adm'r, (Ky.) 6 S. W. Rep. 438; Strong v. Railroad Co., (Miss.) 3 South. Rep. 465; Railway Co. v. Ryon, (Tex.) 7 S. W. Rep. 687.

[2] Where all the facts can be adequately exhibited to the jury, and the subject under examination does not require special skill and knowledge, opinions of witnesses will not be admitted in evidence. Turnpike Co. v. Leonhardt, (Ind.) 5 Atl. Rep. 346; Mann v. State, (Fla.) 3 South. Rep. 207; Hurt v. Railway Co., (Mo.) 7 S. W. Rep. 1; Railroad Co. v. Fox, (Tex.) 6 S. W. Rep. 569.

ligent killing of plaintiff's intestate. Judgment for plaintiff, and defendant appeals. The question referred to at folio 112 was as follows: "Do you mean to say that, with 18 inches of earth on the sides outside the rails, with a sloping bank on each side, and with an engine behind you, you could not get down? *Plaintiff's Attorney.* He says he could not. That is a fair answer. I object. [Objection sustained.]"

*Hinsdale & Sprague,* (*E. B. Hinsdale,* of counsel,) for appellant. *C. D. Rust,* for respondent.

PRATT, J. This is an appeal by defendant from a judgment and order denying a new trial. The action was brought, under the statute, for alleged negligent killing of plaintiff's husband, Thomas A. Remer. It appeared that on the 19th day of November, 1882, the plaintiff and her husband visited a certain place in Kings county near the line of defendant's railroad, to witness a game of base-ball. It was, and had been for many years, the custom of persons going to and coming from the ball-ground, and other places about there, to walk along a portion of defendant's track where Mr. and Mrs. Remer walked that day. Deceased and his wife had never been there before; and, upon inquiry as to the way, "went as they were directed," not knowing of any other way. They were also told there were no trains, and did not expect a train until after 5 o'clock. This was about 3 o'clock. After remaining at the ball-ground a little time, Mrs. Remer feeling a little chilly, they started for home, returning the same way. The piece of track where the accident happened was built over low, marshy ground. When first constructed, it was built on low piling, but had since been filled in with earth; but the extent of such filling, and the condition of the slope, were questions in dispute. But on each side of the track there was a ditch filled with water. There was no room to stand on the track outside of the rails, and there was evidence tending to show that the only way of getting off the track was to jump down the embankment into or across the ditch of water. They were walking in an easterly direction, and the train was running the same way. When they first discovered the engine, it was about 922 feet behind them, and they were about 150 feet from a platform, where they could get off from the track. The engineer well knew the difficulty there was in the plaintiff and her husband getting off the track at the place where he saw them, and he was running at such a speed that, by reversing his engine, he could easily have avoided running them down; at least, there was evidence from which such conclusions could be drawn.

It was a question for the jury, under all the circumstances, what the plaintiff and her husband ought to have done to avoid being run over, and whether they were justified in remaining on the track, and making the attempt to reach the platform, rather than jumping in the ditch, or adopting any other means for their safety. This court, upon the former appeal, laid down the rule "that, if the deceased did all he could be properly asked to do to escape the peril in which he was suddenly placed, the jury may find no contributory negligence upon his part." The deceased was placed in a sudden and perilous exigency; and the question is not whether he did the wisest thing possible under the circumstances, but whether he exercised ordinary care and prudence. It was not so plain that the deceased was guilty of contributory negligence as to justify a nonsuit upon the ground that a verdict, if found, would not be permitted to stand. Under all the evidence, we think this was a question for the jury.

The vital question in the case, I apprehend, is that of defendant's negligence, and this turns upon the knowledge and conduct of the engineer. Notwithstanding the trespass of the deceased upon the track, it was undoubtedly the duty of the engineer to exercise ordinary diligence and care to avoid the loss of life. Upon the facts involved in this question, the witnesses do not

agree. Some of the witnesses testify to a state of facts from which the jury might infer that the engineer had ample notice to stop his train as soon as he saw deceased upon the track. On the other hand, other witnesses state that the condition of the bank and ditches was such that the engineer might well have expected deceased would safely go down the bank, and thus escape peril. The question was submitted to the jury in a clear and unexceptional charge, and we are unable to say that the verdict is so palpably against the weight of evidence as to justify setting it aside.

The exception at folio 112 of the case is not tenable. The precise question had already been answered. The exception to the question whether the plaintiff was ill is likewise without merit. It was material upon the question of the conduct of the deceased in his care for her on that occasion.

There was no error in permitting Cunningham, the expert engineer, to testify as to the effect of shutting off steam when the engineer upon the train was first informed that deceased was upon the track. The whole conduct of the engineer upon the occasion was in issue. Besides, if there was anything in this testimony that could mislead the jury, it was rendered harmless by the charge. The defendant requested the court to charge: "If the engineer believed that these people could get off from the track, as others had done before them, he was justified in keeping on his way till he became satisfied that they were not going to leave it; and, if then he did all he could to reverse his engine, the whole duty of the defendant was performed." *The Court.* "That I have already charged, and I will repeat, as soon as the engineer had reason to believe that they were in a place of danger, and then took all the means in his power to prevent the accident, that would be a discharge of his duty."

The objection taken to ruling out the statement of witness that there was no difficulty in getting off the track is not valid. That question was directly in issue, and was one for the jury to determine upon the facts proved, and could not be proved by a witness giving his opinion upon the subject.

We find no error sufficient to warrant setting aside the verdict, and judgment is therefore affirmed, with costs.