BESSIE C. PFEIFFER, as Administratrix, etc., Respondent, *v.* JAMES CAMPBELL et al., Appellants.

P., plaintiff's intestate, prepared the general plans and specifications for the construction of a house for defendants under an oral agreement between them. After all the work called for had been done and payments had been made thereon, a writing was signed by the parties in which, after an acknowledgment of receipt by P. of the amount paid, it was stated that this left "a balance due" of a sum stated, which defendants agreed to pay in installments, the last installment when the roof was on. It was then added that this should "be in full for all services for plans of exterior and floor plans on the building." In an action to recover a balance, alleged to be due, defendants claimed that the writing constituted a contract, by which P. agreed to do all the work necessary for finishing the exterior and floor plans, and that this

---

included a detailed drawing and specifications, and set up as a counter-claim a breach of performance of this contract. *Held,* that the claim was untenable; that the writing amounted simply to a receipt, a promise by defendants to pay the balance then due as specified, and by P. that this should be in full for the work he had then performed; that the balance being then due and the agreement by P. to wait for payment being without consideration was void; but that if valid, it appearing that defendants had not made the payments as agreed, although the action was commenced before the roof was on, but after default on their part, this was no bar to the prosecution of the action.

Evidence was given on the part of P., under objection and exception, that the services were worth much more than the sum agreed upon. The recovery, however, was in accordance with the amount acknowledged in the paper. *Held,* that defendants could not have been injured by the evidence, and so that its reception, if erroneous, was no ground for reversal.

(Argued December 4, 1888; decided January 15, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 3, 1886, which affirmed a judgment in favor of the plaintiff entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*William H. Arnoux* for appellants. Technical words are not necessary to constitute a binding contract. (*Barney* v. *Worthington,* 37 N. Y. 112; *Wheeler* v. *Allen,* 51 id. 37.) Where there is evidence of a contract, it is not competent to give evidence either that the services are worth more or less than the contract-price as a basis of recovery. (*Trimble* v. *Stillwell,* 4 E. D. Smith, 512; *Marsh* v. *Holbrook,* 3 Abb. Ct. App. Dec. 176.) The contract of plaintiff, being for the performance of the work in question — "for all services for plans of exterior and floor plans" — for an entire price, it cannot be severed; and not having been performed, and the performance not having been waived, plaintiff was not entitled to recover. (*Pullman* v. *Corning,* 9 N. Y. 93; *Smith* v. *Brady,* 17 id. 173; *Butler* v. *Butler,* 77 id. 472; *Brown* v. *Webber,* 38 id. 187.)

*Edward M. Shepard* for respondent. An extension of time to pay a debt which is owing needs a consideration like

any promise; and payment of part of the debt is not such a consideration. (*Kellogg* v. *Olmstead*, 25 N. Y. 189.) So does a promise to accept in payment less than the amount due need a consideration or a seal. (*Bunge* v. *Koop*, 48 N. Y. 225; *Hill* v. *Beebe*, 13 id. 556; *Hunt* v. *Bloomer*, 5 Duer, 205; *Claflin* v. *Ostrom*, 54 N. Y. 585.) The benefit of a valid extension to pay a subsisting debt is lost by any default in the extended payments. (*Muldon* v. *Whitbeck*, 1 Cow. 290, 304; *Tobey* v. *Barber*, 5 Johns. 68; *Parrott* v. *Colby*, 6 Hun, 58; 71 N. Y. 597.) If the agreement of employment was what the defendants contended it to be, and if it was the fact that the plaintiff failed to perform some of the agreed work, there was still no evidence that the omission could not be justly and satisfactorily compensated by an allowance to the defendants. And having refused themselves to prove, or to permit others to prove, what would be the amount of such compensation, they were estopped to say that their damage was more than nominal. (*Glacius* v. *Black*, 50 N. Y. 145; 67 id. 563; *Johnson* v. *De Peyster*, 50 id. 666; *Phillips* v. *Gallant*, 62 id. 264; *Woodward* v. *Fuller*, 80 id. 312.) Under a general complaint for a *quantum meruit* for work, labor and services, plaintiff cannot prove a contract which remains executory on his part, he may prove that the price was fixed by agreement. (Abbott's Trial Evidence, 361, 367, chap. 19, §§ 8, 19; *Higgins* v. *N. & F. R. R. Co.*, 66 N. Y. 604; *Farron* v. *Sherwood*, 17 id. 227; *Hosley* v. *Black*, 28 id. 438.)

Peckham, J. This action was brought originally by the present plaintiff's decedent to obtain payment for work, labor and services performed by him as an architect, in drawing plans and specifications for an apartment-house upon the west side of Fifth avenue, between Fifty-eighth and Fifty-ninth streets, in the city of New York. The plaintiff alleged that such work, labor and services were worth the sum of $9,825.32; that there remained unpaid, at the time of the commencement of the action, the sum of $5,669, for which sum judgment was demanded, together with interest from the 3d of June,

1884. The answer admitted the preparation of plans and specifications, but denied that the work was worth the sum mentioned in the complaint. It further set up a counter-claim, and alleged that the plaintiff's decedent neglected and refused to furnish the plans and detailed drawings in accordance with the agreement, and that, in consequence of such failure, defendants were compelled to procure plans and detailed drawings elsewhere; that they were thereby delayed in the prosecution of the work upon the building, to their damage in the sum of $5,000. They also alleged, as a separate counter-claim, that the value of plaintiff's services did not exceed the sum of $1,000, and that they had overpaid him to the amount of $3,156.50.

Plaintiff replied, denying the allegations set up in the counter-claim. The action was referred to a referee, who found that plaintiff's decedent, an architect in the city of New York, was employed by defendants to prepare general plans and specifications for the construction of the house in question, and that under such employment he prepared, between the 1st of October, 1883, and some time prior to June 3, 1884, general plans and specifications for the construction of such apartment-house; that the reasonable value of the work under such employment was the sum of $9,409; that plaintiff's decedent had been paid the sum of $4,156.50, and no more. And he found, as a conclusion of law, that plaintiff was entitled to judgment against the defendants for $5,252.50, with interest from the 3d of June, 1884, amounting in all to $5,766.36, for which amount, together with costs, judgment was directed to be entered.

Upon the trial evidence was given, on the part of the plaintiff's decedent, in regard to the employment alleged in the complaint, and tending to show an agreement between the parties for the payment, on account of such services, of the sum of $10,000. Evidence was also given which tended to show that, on the 3d of June, 1884, defendants had paid plaintiff's decedent (including the payment of $1,000 made on that day), the sum of $3,425, and that there was paid,

subsequently and before the commencement of this action, $731.50, making in all $4,156.50 paid upon the contract. This would make the whole sum $9,409 as the compensation to plaintiff's decedent for the work, labor and services mentioned in the complaint. There was ample evidence to justify the referee in his finding of fact as to the employment and the amount agreed to be paid therefor. And the judgment of the referee, it will be seen, when added to the payments which had been made, was for a less sum than the contract-price as testified to by the plaintiff's decedent.

Counsel for the defendants, however, claims that the evidence shows that there was a written contract between the parties which differed from the contract as testified to on the part of the plaintiff; and upon the assumption that such written contract was proved, the main questions are raised which were argued in this court.

After all the work had been done which, as plaintiff's decedent claimed, was required of him by and under the oral understanding or contract which he testified to, and after certain payments had been made to him by the defendants, on the 3d day of June, 1884, he had a conversation with the defendants in regard to the payment of the balance due on account of his services. The result of that conversation was the following paper:

" New York, *June* 3, 1884.

" Received from James Campbell his note for one thousand dollars, dated this day, on account of architect's fees, leaving a balance *due me* of five thousand nine hundred and eighty-four dollars ($5,984), which Campbell agrees to pay as follows:

| | |
|---|---:|
| On July 1, 1884.............................. | $500 00 |
| On August 1, 1884.......................... | 750 00 |
| On September 1, 1884...................... | 1,000 00 |
| On October 1, 1884......................... | 1,000 00 |
| Balance when roof is on..................... | ........ |
| | $5,984 00 |

" Which shall be in full for all services for plans of exterior and floor plans on the building on Fifth avenue and Fifty-eighth and Fifty-ninth streets.

" CARL PFEIFFER.
" JAMES CAMPBELL.
" J. D. PHYFE."

The learned counsel for the defendants claims that this paper formed a contract between the parties, and that by it the plaintiff's decedent agreed to do all the work necessary for the plans for the exterior and floor plans of the building, and that such agreement included detailed drawings, or specifications, which the plaintiff's decedent, in his oral testimony, distinctly swore were not included in his agreement with the defendants, and which, as matter of fact, he did not make. We think that no such construction can be given to the paper as is claimed. It seems to us, on its face, to be simply the acknowledgment of the receipt from James Campbell, one of the defendants, of his note for $1,000, which was to be a payment on account of the architect's fees, and an acknowledgment that after such payment there would remain due the balance stated in the receipt, and that Campbell therein agreed to pay that balance in monthly payments up to a certain amount, the balance thereof to be paid when the roof of the building was on, and that this sum, that is, the balance then due, was to be in full for all the services which the plaintiff's decedent had then performed. Under the agreement, as testified to by the plaintiff's decedent, he had then performed all the services which he had agreed to perform, and there remained only the duty on the part of the defendants to pay to the plaintiff the balance of the compensation agreed upon, all of which was then due.

While this payment was thus due (the services having been performed), this conversation was had between the plaintiff's decedent and the defendants by which, without consideration, he agreed to accept payment of the balance then due him in future payments of monthly installments up to a certain amount therein stated, and the balance when the roof of the building was on.

Being without consideration, and the money being then due, the agreement to wait for several months for its payment was of no validity. But, although not valid, the plaintiff's decedent did, nevertheless, wait some time before commencing the action, although the defendants neglected to pay the balance spoken of in the paper at the times therein mentioned or at all.

It is true the action was commenced before the roof was on. But it was not commenced until after the breach on the part of the defendants of their agreement to pay as stated in the paper. It formed no bar to the prosecution of this action.

There is no contradictory evidence in regard to the amount which has been paid by the defendants, and the recovery, on the part of the plaintiff, is in accordance with the statement contained in the paper as to the amount which was due at the time it was signed.

Evidence was also given, on the part of the plaintiff under defendants' objection, that the value of the services of the architect was very much larger than the agreement he testified to. The recovery is, however, in accordance with the amount acknowledged in the paper to have been then due. So that in no event have the defendants been injured by the manner in which the cause of action was stated in the complaint or in which the trial was conducted.

Holding that this paper is not such a contract as is claimed on the part of the defendants' counsel, and that it, in substance, is simply a statement of the amount due for work already performed by the plaintiff's decedent, and a promise to pay it by defendants, all the other questions which were argued by the defendants' counsel, and which hinged upon the paper being a contract of the nature stated, become immaterial.

We think that the trial was conducted with eminent fairness by the referee, so far as this record shows, and that no errors were committed by him to the prejudice of the defendants.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.