### REID v. NEW YORK, N. H. & H. R. Co.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

1. **RAILROAD COMPANIES—NEGLIGENCE—EXIT FROM STATION—USE OF TRACKS.**
    Decedent, after leaving defendant's train at a suburban station, in order to reach the public highway, was compelled to walk along defendant's tracks, or to go through private property by a way over which travel was forbidden. While walking along the tracks towards the highway, he stepped from one track to another to avoid a train, and was struck by a train coming from the opposite direction, and killed. *Held*, no safe way having been provided by the company for reaching the highway, that the court properly refused to adjudge decedent guilty of contributory negligence in using the tracks.

2. **SAME—EVIDENCE—CUSTOM.**
    In such case, witnesses were properly allowed to testify as to whether or not there was a footpath along the track between the station and the highway crossing, as to the custom of walking along the tracks, and as to the maintenance of a ticket agent at the station.

3. **SAME—WANT OF FLAGMAN AT CROSSING.**
    Evidence that no flagman was stationed at the highway crossing at the time of the accident was properly admitted for the purpose of showing the exact condition of affairs at that place at that time, though as a matter of law it was not the duty of defendant to keep a flagman there.

4. **SAME—HARMLESS ERROR.**
    There being evidence elsewhere in the case that the private way in question was in fact private property, the refusal of the court to strike out the testimony of a witness as to the ownership of such way, founded on hearsay, was harmless error.

Exceptions from circuit court, New York county.

Action by Lillie Burleigh Reid, executrix of William Johnson Reid, deceased, against the New York, New Haven & Hartford Railroad Company, to recover damages for the death of her testator. Verdict was directed for plaintiff at circuit, and defendant moves for a new trial on exceptions ordered to be heard in the first instance. Exceptions overruled.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Jay & Candler*, (*Flamen B. Candler* and *Egerton L. Winthrop, Jr.*, of counsel,) for plaintiff.  *Page & Taft*, (*Henry W. Taft*, of counsel,) for defendant.

LAWRENCE, J.  This action was brought by the plaintiff to recover the sum of $5,000, damages alleged to have been sustained in consequence of the death of her husband, William Johnson Reid, which was averred in the complaint to have been caused by the negligence of the defendant.  The jury rendered a verdict in favor of the plaintiff for the amount claimed, and the court ordered the exceptions to be heard at the general term in the first instance.

It appears that on the 23d of January, 1889, the plaintiff's testator was a passenger on defendant's road, having taken a train which left the Harlem River station shortly before 6 o'clock, on his way to Casanova, which is a small station upon the Harlem River Branch, within the city of New York, and near the intersection of the Southern boulevard and East 156th street. It appeared from the evidence that in January, 1889, only about 100 people used that station during the week, and that the persons so using it desired to go either to the Southern boulevard, Oak Point, or to Springhurst, at which place decedent resided.  There was a board walk which was used by the passengers going to Oak Point, a place below Casanova station.  That walk was built from a point opposite the station, running about 1,000 feet to a highway leading to Oak Point, which was known as "Leggett's Lane;" and those going to the Southern boulevard used a pathway reached through a turnstile in a fence at the side of the station, leading across an open field to Leggett's lane; there was no footpath on the side of the track from Casanova to Springhurst crossing.  The path across the meadow leading to Leggett's lane, and thence to the boulevard, was shown to be through private property; and there was a sign up on the meadow which read: "Private grounds.  Trespassers will be prosecuted according to law."  The decedent, on arriving at the station at Casanova, proceeded to walk up the track of the railroad, which was the custom of the residents of Springhurst, and, a few minutes after the train which carried him up to Casanova had gone by, a freight-train came up behind, compelling him to cross over to the down track.  A moment later a down freight-train, which was not running on schedule time, struck him on the side as he was in the act of stepping off the outer rail of the down track, inflicting injuries upon him which caused his death in a few minutes.

The defendant insists that a new trial should be ordered—*First*, upon the exceptions to the denial of the motion to dismiss the complaint; *second*, upon the exceptions to the judge's charge, and to his refusal to charge certain propositions submitted by the defendant; and, *third*, upon some of the exceptions to the ruling of the court upon the admission and exclusion of evidence.  At the end of the evidence a motion was made by the defendant to dismiss the complaint—*First*, on the ground that the plaintiff had failed to show that the defendant was guilty of any actionable negligence; and, *second*, because no reasonable inference was possible, from the evidence, that the plaintiff's testator was free from contributory negligence.

Our examination of the evidence leads us to the conclusion that no error was committed by the learned justice who tried the case in refusing to take the case away from the jury upon that motion.  There certainly was evidence in the case from which the inference might reasonably be drawn that the railroad company was negligent in not furnishing for its passengers leaving trains at Casanova station a safe and convenient means of reaching the highway.  It was held in *Hoffman* v. *Railroad Co.*, 75 N. Y. 606, that it was the defendant's duty to furnish a safe and convenient passage from its depot to the highway, and that there was ground for a finding that, in consequence of its neglect to perform that duty, passengers would need to go along the tracks

to pass conveniently from the depot to the highway, and, if they were then exposed to injury, it was because of defendant's neglect; and a nonsuit, under these circumstances, was held to have been error.   The court cites with approval the case of *Hulbert* v. *Railroad Co.*, 40 N. Y. 145, in which it was held: "Wherever passengers are accustomed to be received upon a train, whether at the station-house, at the water-tank, or elsewhere, railroad companies are bound to keep in a safe condition for transit the ordinary space in which passengers go to and from the train; and the latter have the right to assume that the ground adjacent to the cars, within the limits in which persons necessarily and naturally go to and from them, admits of their getting safely out and in, even in a dark night."   In the case at bar the evidence showed, or tended to show, that the railroad company did not provide a proper, safe, and convenient passage from its depot to the highway at Springhurst. The exit from the station through private grounds to the Oak Point road, and from thence to the boulevard, was one which, it would appear from the evidence, the passengers had no right to use, and which they would become trespassers by using.   At all events, under the authorities, upon such a state of facts, it was a question for the jury to say whether that mode of exit was safe and convenient; and we cannot say, as matter of law, upon that, the death of the plaintiff's testator was not caused by the negligence of the defendant. Whether there was any contributory negligence on the part of the decedent, was a question which, we think, was properly submitted to the jury.   There was testimony showing that for many years it had been the practice and custom of passengers who were residents of Springhurst to leave the train at Casanova station, and walk up the track to the Springhurst crossing.   That practice had existed so long, and was so notorious, that the jury may well have found a license on the part of the defendant to passengers to make such use of its tracks.   *Swift* v. *Railroad Co.*, 123 N. Y. 646, 25 N. E. Rep. 378, and cases cited.   If the plaintiff's testator was justified in walking up the track to the Springhurst crossing, on the conflicting evidence before us, we cannot say that the trial court erred in submitting that question to the jury.   *Remer* v. *Railroad Co.*, 48 Hun, 352, 1 N. Y. Supp. 124, affirmed 113 N. Y. 669, 21 N. E. Rep. 1116.

Several objections were raised to the admission of evidence by the defendant, some of which we will proceed to notice.   Witnesses were allowed to testify as to whether or not there was a footpath along the tracks between Casanova station and Springhurst crossing; also, as to the custom of walking on the tracks, and as to the maintenance of a ticket agent at Casanova station; and also as to the absence of a flagman at the crossing.   We think the testimony was properly allowed for the purpose of showing the exact condition of affairs at that place at that time; and although, as matter of law, it is not the duty of a railroad company to place a flagman at street crossings, to warn travelers, the court of appeals has held that it is proper, and has been the common practice, to receive this class of evidence in negligence cases. See remarks of EARL, J., in *McGrath* v. *Railroad Co.*, 63 N. Y. 522.   Besides, the learned judge, in his charge to the jury, distinctly charged them that, as matter of law, there was no obligation on the part of the company to keep a flagman there, and distinctly declined to charge the jury that they might take into consideration the question as to whether the accident could have been avoided if a flagman had been at that station; also, that, if the jury find that the flagman had been stationed there, Mr. Reid would have sufficient warning to save his life, and that it was for them to have a flagman there.   But the court replied: "No; it is for the jury to say whether sufficient care and protection were given."   We think that, if any error was committed in the admission of the evidence in regard to the absence of a flagman, that error was cured by the subsequent charge of the judge.   *Holmes* v. *Moffat*, 120 N. Y. 159, 24 N. E. Rep. 275.

Even if the question as to what the station master at Casanova said to passengers on trains alighting at Casanova, and inquiring the way to Springhurst, was improperly admitted, no harm could possibly have been done to the defendant by the reply of the witness, "Nobody ever asked me." *Pfeiffer* v. *Campbell,* 111 N. Y. 631, 19 N. E. Rep. 498.

Numerous other objections were taken to the admission of evidence, but they generally relate to the habit of passengers of walking upon the track, as to the absence of a pathway, and the general character of lay of the land,— all which evidence, we think, was competent. The witness Nannery, who had been testifying as to the lane which ran into the Southern boulevard, and as to the path leading to the lane, which he had designated as private ground, was asked the question how he knew that it was private ground, to which he replied: "The man it belongs to never let anything be opened through there." He was further asked: "You don't know, of your own knowledge, who owns that land?" He answered: "No, sir; I only testify as to the ownership of it from hearsay." Thereupon the defendant's counsel moved to strike out all his testimony on the subject, which motion was denied and exception taken. Inasmuch as there was other evidence tending to show that the pathway led through private property, and no affirmative evidence that the defendant had a right to the use thereof for the purpose of egress from their station, the refusal of the court to strike it out could not have harmed the defendant; the evidence being cumulative. The charge of the judge correctly stated the law; and none of the exceptions taken to the refusal to charge strike us as being well founded, in view of the fact that the law had already been correctly laid down by the presiding justice. We are, therefore, of the opinion that the case was fully and fairly submitted to the jury, both upon the law and upon the facts, that the exceptions raised by the defendant should be overruled, and that the plaintiff is entitled to judgment upon the verdict, with costs and disbursements.

VAN BRUNT, P. J., concurs in result. O'BRIEN, J., concurs.