### LARKIN *v.* NEW YORK & N. R. Co.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

1. INJURY TO PERSON ON RAILROAD TRACK—ACQUIESCENCE IN USE—DEGREE OF CARE.
   A railroad company is under an obligation "to exercise reasonable care" to protect a person crossing its track by a "trodden path," in whose continuous and notorious use it has acquiesced, and is not liable for only such injuries as are wanton; it being for the jury to determine whether the path was acquiesced in and whether sufficient care was exercised.

2. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   The jury were warranted in finding that one injured in crossing a railroad track was not guilty of contributory negligence when she testified that she looked and listened without seeing or hearing the engine, and it appeared that there was no flagman, that the view was obstructed by a curve in the track and by a station, and that the engine approached slowly, without blowing its whistle or ringing the bell.

3. DAMAGES—EXCESSIVENESS.
   Where a woman 64 years old, in strong health, a good worker, and earning $1.25 a day, was struck by an engine in crossing a railroad track, and was hurt in the head, lost three toes, suffered and continues to suffer great pain, was seven weeks in a hospital, and has not earned a dollar since the accident, a verdict awarding her $3,500 will not be disturbed as excessive.

Appeal from city court, general term.

Action by Bridget Larkin against the New York & Northern Railroad Company. From a judgment entered on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Sherman Evarts,* for appellant. *Stewart & Macklin,* for respondent.

PRYOR, J. The learned counsel for the appellant argues that the plaintiff was, at most, a mere licensee, if not in fact a trespasser, when she suffered the hurt, and that, therefore, the appellant owed her no other duty than to abstain from doing her willful or wanton injury. Upon the evidence the jury were warranted in the conclusion that, for a long period of time, the public had constantly and notoriously, and with defendant's acquiescence, been in the habit of approaching its track by the "trodden path" which plaintiff took; and, if so, then plaintiff was not a trespasser, and defendant was under an obligation "to exercise reasonable care to protect her from injury." *Byrne* v. *Railroad Co.,* 104 N. Y. 362, 10 N. E. Rep. 539; *Swift* v. *Railroad Co.,* 123 N. Y. 645, 25 N. E. Rep. 378. Under the circumstances, the fact that the plaintiff was an adult is material only in determining the degree of care which the law exacted of her, and is of no relevancy to the question whether she was a trespasser; and no particular extent of notoriety or definite period of time in the use of an irregular approach to the track is prescribed by the authorities, but the essential fact is the acquiesence of the company in conduct which, but for such acquiescence, would constitute a trespass. Whether the defendant knew of the habitual use by the public of the footpath pursued by the plaintiff, and assented to such use, were questions for solution by the jury; and we cannot say that their decision is so clearly contrary to the evidence that it must not be suffered to stand. Again, appellant insists that the evidence was insufficient to authorize an inference of its negligence and of the plaintiff's nonnegligence, and that hence there was error in the refusal to dismiss the complaint. If, as matter of law, the defendant was not obliged to ring the bell or blow the whistle in approaching the crossing, still it was bound to use reasonable care in so approaching; and whether defendant observed the precautions required by such care was a

question of fact for the jury. *Swift* v. *Railroad Co., supra.* All the circumstances of the situation, including the absence of a flagman, were facts for their consideration in ascertaining the negligence of the defendant. *Reid* v. *Railroad Co.,* (Sup.) 17 N. Y. Supp. 801. In a charge so clear and impartial that in it the vigilance of counsel could discover no ground of exception, the learned trial judge submitted the question of the defendant's negligence to the jury; and we cannot affirm of their finding that it is contrary to the decisive weight of evidence, still less that it was without adequate support in the evidence. So, too, upon the question of plaintiff's contributory negligence, the testimony was so contradictory, and the circumstances susceptible of such a diversity of inferences, that the learned trial judge did well to refer the evidence to the jury. *Kain* v. *Smith,* 89 N. Y. 375, 384; *Stackus* v. *Railroad Co.,* 79 N. Y. 464; *Hart* v. *Bridge Co.,* 80 N. Y. 622. Appellant's counsel ingeniously argues that the circumstances admit of no other inference than plaintiff's negligence; that the approach of the engine was so imminent and obvious that had she looked she could not have failed to see it. But her positive testimony that, although she looked and listened, she did not see or hear the engine, is not incredible, in connection with the circumstances,—the obstruction of view by the station and curve; the omission to blow the whistle or sound bell; and the slow, not to say stealthy, approach of the engine. Counsel's conclusion from the evidence is, that not only was the whistle blown and the bell rung, but "that plaintiff paid no attention to them whatever, walking deliberately into the corner of the engine." As there was no proof of plaintiff's intoxication, insanity, or suicidal propensity, we can hardly wonder if the jury failed to appreciate the force of this argument. Plaintiff was 64 years old, in strong health, a good worker, and earned a dollar and a quarter a day. By the injury she was hurt in the head; lost three toes; suffered great pain, and still suffers; was seven weeks in the hospital; has not earned a dollar since. For these consequences of defendant's negligence we are of opinion that a verdict of $3,500 is not so exorbitant as to imply on the part of the jury passion, partiality, or a mistaken view of the evidence. Judgment and order affirmed, with costs. All concur.