FITZGIBBONS v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term.   May 19, 1904.)

1. RAILROADS—PERSON NEAR TRACK—NEGLIGENCE.
   The engineer of an approaching train, who discovers, in time to stop his train, that a beam which is being hoisted into a building adjacent to the track projects across the track, while a person standing in the window sill at the other end, and endeavoring to adjust the sling on the beam, is placed in a position of peril by the train's approach, is negligent in failing to stop, if he could do so after realizing the gravity of the situation.

2. SAME—INSTRUCTIONS.
   In an action against a railroad company for injuries to a person standing in the window sill of a building adjacent to the track, and endeavoring to adjust a sling on a beam being hoisted in the building, and projecting over the track, the defendant cannot complain of instructions that such person was a trespasser, and was bound to show by a preponderance of evidence that he was wholly free from contributory negligence, and that the act of defendant's engineer in striking the beam with the locomotive was willfully negligent, and not the result of a mere error of judgment.

3. SAME—CONTRIBUTORY NEGLIGENCE.
   Where a person standing in a window sill of a building adjacent to a railroad track, and endeavoring to adjust a sling on a beam being hoisted in the building, and which projected across the track, did all that he could reasonably be expected to do to escape injury from an approaching train, the engineer of which had timely notice of his exposed condition, and could have saved him by stopping the train, such person's negligence in being in such dangerous position became remote, and was not contributory to the accident resulting from the engineer's failure to stop.

4. SAME—RECOVERY—SUFFICIENCY OF EVIDENCE.
   In an action against a railroad company for injuries to a person standing in the window sill of a building adjacent to the track, and endeavoring to adjust a sling on a beam being hoisted into the building, and projecting across the track, the engineer of an approaching train which struck the beam testified that he could have stopped the train within 100 feet, and that he noticed the beam over the track, and plaintiff's perilous posi-

¶ 1. See Railroads, vol. 41, Cent. Dig. § 1279.

tion, when the front of his locomotive was one building north of J. street, which he guessed was about 80 or 90 feet away. Actual measurements, however, showed that the distance was 175 feet. *Held*, that a verdict for plaintiff, based on the engineer's negligence, was sustained by the evidence.

Appeal from City Court of New York, Trial Term.

Action by Cornelius Fitzgibbons against the Manhattan Railway Company. From an order denying its motion for a new trial on the minutes after judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

M. W. Gallaway and Charles A. Gardiner, for appellant.
G. Washbourne Smith, for respondent.

FREEDMAN, P. J. The plaintiff was injured by a train of cars of the defendant while standing on the window sill on the outside of a building, and engaged with others in taking a beam 25 feet long into the building through one of the second-story windows for the purposes of certain repairs to be necessarily done on the building. The beam had been hoisted from the sidewalk of the street by means of a block and fall, and was about to be taken through the window. One end was in the building, and the other extended two or three feet over the railroad track, when it became necessary for the plaintiff to push the sling out further toward the end of the beam which was outside the building. Beams had been taken into the building in this manner in the intervals between running trains for two days preceding the accident. As the plaintiff began to shift the sling upon the beam in question, he saw a train two or three blocks away, and approaching on the track nearest to the building, and becoming apprehensive that in spite of his best efforts, in which he persisted, he might not be able to clear the track in time, he shouted and motioned with his hand to the engineer of the approaching train to stop or slow up. It would be unreasonable to infer that the engineer heard what the plaintiff shouted, and there is no evidence that he did, but it was shown that he saw the signals of the plaintiff, and motioned with his hand to the plaintiff to pull the beam away from the track; that the plaintiff continued his efforts in that direction; and that the engineer did not slow up in time to avoid the collision by which the plaintiff was injured. Upon the question whether, upon seeing the signals of the plaintiff, he could have slowed up before he did, and thus avoided the collision, there was a conflict of evidence. If he could have done so after realizing the gravity of the situation, there can be no doubt that it was his duty to do so. The case was one for the jury, and it was submitted to them under a charge to the effect that the plaintiff at the time was a trespasser upon defendant's track, and that he was bound to show, by a preponderance of evidence, that he was wholly free from contributory negligence, and that the act of defendant's engineer was willfully negligent. The jury were expressly instructed that if it was a mere error of judgment on the part of the engineer, in not stopping the train sooner, their verdict must be for the defendant. The charge, in its entirety, was as favorable to the defendant as possible, and no reversible error appears in connection with it, or in any refusal to charge additional propositions.

Even if the plaintiff was a trespasser, the defendant owed him the duty of abstaining from carelessly injuring him by an act of commission, as distinguished from an act of omission. Hoffman v. N. Y. C. & H. R. R. R., 87 N. Y. 25, 41 Am. Rep. 337. And from the moment the engineer saw plaintiff's exposed position, he was bound to exercise diligence and care to avoid injuring him. Remer v. L. I. R. R., 36 Hun, 253, after retrial 48 Hun, 352, 1 N. Y. Supp. 124, affirmed 113 N. Y. 669, 21 N. E. 1116; White v. N. Y. C. & H. R. R. R. (Sup.) 20 N. Y. Supp. 6.

The question of plaintiff's alleged contributory negligence was properly submitted to the jury. If there was negligence on his part, it must, in order to defeat the action, have contributed to the occurrence of the collision. If from the moment he perceived the danger he did all that he could reasonably be expected to do to escape, and the engineer had timely notice of his exposed condition, and could and should have saved him, but failed to do so, plaintiff's negligence, if any there was in the beginning, became remote, and no longer contributed to the final result. This was to be determined by the jury as a question of fact. ·

The case, therefore, is narrowed down to the question whether there was sufficient evidence upon which the jury could find that defendant's engineer realized plaintiff's exposed position in time to save him by reasonable diligence. According to the engineer's own testimony, he could have stopped the train in 100 feet, and he noticed the beam over the track, and plaintiff's position, when the front of his locomotive was one building north of Jane street, which he guessed was a distance of about 80 or 90 feet from the beam. But it was shown by actual measurements that the said distance was 175 feet. In view of these facts, it is not necessary to refer to other evidence adduced by the plaintiff to the effect that the locomotive was much further away when the engineer had notice of plaintiff's signals, and that the train could have been stopped in less than 100 feet. Under all the circumstances, the verdict is sufficiently supported by evidence.

That being so, and the record disclosing no reversible error, the order should be affirmed, with costs and disbursements. All concur.