BYRON MARKS, Respondent, *v.* HIRAM I. KING, Appellant.

Evidence admitted upon a trial by jury, either without an objection or properly under objection, which for any reason should not be considered by the jury, is not necessarily to be stricken out on motion, but may be retained in the discretion of the court; the remedy of the party is to ask for instructions to the jury that they disregard it.

(Argued January 26, 1876; decided February 8, 1876.)

THIS action was against defendant as indorser of a promissory note payable to the order of one Bell. The defence was that the alleged indorsement was a forgery. (Reported below, 1 Hun, 435.)

It appeared that the note was given to take up a former note which was indorsed by defendant. On the trial plaintiff offered in evidence certain drafts given to Bell as the avails of the former discount; these were received under objection and exception. *Held*, that the evidence was competent as part of the *res gestœ*, and also as laying the foundation for other evidence which might connect defendant with the transaction, and as showing that the note which formed the consideration of the alleged indorsement, had a valid inception. One objection was that defendants had not been connected with the drafts. *Held*, that this went to the order of proof simply, which was in the discretion of the court.

Defendant subsequently moved to strike out the drafts and all evidence in regard thereto; this motion was denied. *Held*, that this did not constitute a ground for a legal exception; that the evidence having been properly received, it could be retained at the discretion of the court, and the remedy of the party was to ask the court to instruct the jury to disregard it.

A check purporting to be signed by defendant was offered and received in evidence, under objection. This check, it was claimed by plaintiff, was for the avails of a note made by defendant and discounted by the bank on which the check was drawn, which note, as was also claimed, was paid and taken up by the drafts above mentioned. It was assumed that the check was signed by defendant, but it was objected that the witness who produced it had no knowledge of the note being paid, and no personal knowledge of the note or drafts, and that it was not the best evidence of the discount of the note. *Held*, that the check was some evidence of the discount of the note and was, therefore, properly received; and was a circumstance connecting defendant with the origin of the debt and making of the note, the first in the series of which the note in suit was the last.

The principal witness for plaintiff, as to the genuineness

of the indorsement, was one Dickinson. Defendant offered evidence that Dickinson had been active in procuring the indictment of Bell for forging the indorsement of defendant. This evidence was rejected. *Held*, no error; that the fact offered to be proved was entirely collateral, and its rejection did not lay the foundation of an exception. (*G. W. Tpke. Co.* v. *Loomis*, 32 N. Y., 127.)

*O. W. Chapman* for the appellant.

*Giles W. Hotchkiss* for the respondent.

ALLEN, J., reads for affirmance.
All concur; MILLER, J., not sitting.
Judgment affirmed.