## HARRINGTON *v.* CITY OF BUFFALO.

*(Supreme Court, General Term, Fifth Department. October 19, 1888.)*

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—ICE.

In an action against a city for injuries sustained by a fall on an icy sidewalk, evidence that there was, at the time of the accident, an oval ridge of ice, six inches high, in the middle, sloping to the edges of the walk; that it had snowed three times

within the eleven days preceding, aggregating twenty inches of snow, the last fall being five days before the accident,—justifies the jury in finding that the ice resulted from the fall of snow referred to, and that the city had notice of its existence.[1]

**2. SAME—INSTRUCTIONS.**

In such case it is not error to refuse to instruct that, if the accident was caused by ice formed by the freezing of the rain that fell the day before, the city was not liable; as such instruction disregards the rule of a city's liability where injury results from a combination of two causes for only one of which it is responsible.

**3. TRIAL—OBJECTIONS TO EVIDENCE.**

Striking out testimony subsequently appearing irrelevant, as being an opinion of the witness, is discretionary with the court. The proper remedy in such case is to request an instruction to disregard the testimony.

Appeal from special term, Erie county.

Action by Ellen Harrington against the city of Buffalo for injuries resulting from a fall on the sidewalk. Verdict for plaintiff. From an order denying a motion for a new trial defendant appeals.

Before BARKER, P. J., and BRADLEY, DWIGHT, and HAIGHT, JJ.

*William F. Worthington* and *Frank C. Laughlin,* for appellant. *Adelbert Moot,* for respondent.

HAIGHT, J. This action was brought to recover damages for a personal injury sustained by the plaintiff by falling upon a sidewalk in the city of Buffalo, on the 26th day of February, 1886. The accident occurred on the sidewalk on the southerly side of Fulton street, near the corner of Alabama, opposite of premises occupied by a man by the name of Ford. The evidence tends to show that at the place where the plaintiff fell there was a ridge of snow and ice in the center of the walk some six inches thick, and sloping to the outer edges of the walk; that on the 15th of the month there was a fall of seven and three-tenths inches of snow, on the 20th nine inches, and on the 21st four and five-tenths inches; that Ford was away from home, and the walk in front of his premises had not been cleaned.

The fact that on the 26th there was a ridge of snow and ice six inches thick in the center of the walk, we think justifies the inference that it had been formed from the accumulations of snow which had previously fallen on the occasions referred to; and that sufficient length of time had elapsed to justify the finding that the defendant or its officers had notice of the condition of the walk; and that it became a question of fact for the determination of the jury.

It is contended that the court erred in denying the defendant's motion to strike out the testimony of Mrs. Harrington, the plaintiff's daughter-in-law, to the effect that the sidewalk had been in an icy condition for a long time prior to the accident. It subsequently turned out, upon the cross-examination, that she was but giving her opinion, and was not speaking from personal knowledge. The motion to strike out, under such circumstances, was discretionary with the trial court. The remedy of the defendant was to ask the court to instruct the jury to disregard her evidence in that particular. *Marks* v. *King,* 64 N. Y. 628; *Platner* v. *Platner,* 78 N. Y. 90–101. The exception, therefore, taken upon the refusal of the court to strike out the evidence, is not available upon this appeal.

At the conclusion of the charge of the court, the defendant's attorney requested the court to charge that, if the jury should find that the accident was caused by ice formed from the freezing of the rain that fell the day before, then the city is not liable. The court replied that, "if it was caused solely

---

[1] On the general subject of the liability of a municipal corporation for injuries caused by icy streets and sidewalks, see Adams v. Town of Chicopee, (Mass.) 18 N. E. Rep. ——, and note; Tobey v. City of Hudson, *ante,* 180, and note.

As to what is sufficient notice to a municipality of defects in its streets and sidewalks to render it liable therefor, see Weber v. City of Creston, (Iowa,) 39 N. W. Rep. 126, and note; Klein v. City of Dallas, (Tex.) 8 S. W. Rep. 90, and note.

by the ice, and the elevation of the sidewalk had nothing to do with it, that the defendant's counsel was correct." The defendant, however, excepted to the refusal of the court to charge as requested. It appeared, from the evidence, that the day before the accident it rained during the forepart of the day, and in the afternoon the temperature fell, and it commenced freezing; that there was a heavy gale of wind continuing through that day and the day following. The rule is, when two causes combine to produce an injury to a traveler upon the highway, both of which are in their nature proximate, one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have been sustained but for such defect. *Ring* v. *City of Cohoes*, 77 N. Y. 83–88; *Taylor* v. *City of Yonkers*, 105 N. Y. 202–208, 11 N. E. Rep. 642. The city would not be liable for the injury occasioned by the ice that formed the night before the accident. It was only liable in case the injury occurred from the ridge of snow and ice that had previously formed, and in case the injury would not have been sustained but for such ridge. The case was tried upon the theory that the ridge of snow and ice caused the fall, and this question was submitted to the jury in the charge that was made. It is possible that new ice had formed upon the ridge the night before, and that it may have added to the slippery condition of the walk, and in some measure contributed to the injury; that, if it did, it was necessary for the jury to determine, in order to sustain a recovery, that the injury would not have been sustained had it not been for the previous existence of the ridge of snow and ice. The attention of the trial court does not appear to have been called to this precise point. Had it been, the jury would doubtless have been more fully instructed upon it. The request to charge, as made, did not embrace it; and, under the evidence, the court could not well disregard the previous existence of the ridge of ice and snow testified to by the witnesses. We consequently are of the opinion that the exception, taken to the refusal to charge as requested, presents no error which calls for a reversal of the order. The order appealed from should be affirmed. So ordered.

BARKER, P. J., BRADLEY and DWIGHT, JJ., concurred.