ARTEMAS H. HOLMES, Appellant, *v.* DAVID H. MOFFAT, JR., Survivor, etc., Respondent.

Where, upon the trial of an action, improper evidence had been received under objection and exception, the court, in its charge to the jury referring to the improper evidence, said: "I withdraw it from your consideration, as I do not believe it to be proper or material evidence. * * * I think it my duty to say to you that that particular portion * * * is not before you as evidence." *Held*, that as there was other evidence to support the verdict, it was to be presumed that the instruction to the jury was complied with, and so that the error complained of was cured.

*Erben* v. *Lorillard* (19 N. Y. 299), and *Furst* v. *S. A. R. R. Co.* (72 id. 542), distinguished.

When evidence has been admitted upon a trial by jury, without an exception or properly made objection, which, for any reason, should not be considered by the jury, it is not error for the court to refuse to strike it out; the remedy of the party is to ask the court to instruct the jury to disregard it.

Where the court instructs the jury to disregard testimony, improperly received, and there is other evidence to support the verdict, it will be presumed that the instructions were obeyed and the error, in its admission, cured.

(Argued March 3, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 28, 1887, which affirmed a judgment in favor of defendants entered upon a verdict.

The action is for false representations and deceit in the sale to plaintiff of certain mining stocks of the Little Pittsburg Consolidated Mining Company, and was brought against the defendant Moffat and Jerome B. Chaffee as copartners.

The material facts are stated in the opinion.

*George H. Adams* for appellant. It was error for the court to refuse to charge that it was illegal for the mining company to accept in payment for its capital stock any property in excess of a fair and honest valuation thereof, and to issue or put in

circulation certificates of stock exceeding in nominal or par amount or value the fair and honest value of the property, in consideration of which such certificates of stock were issued. (Laws of 1853, chap. 333, § 2; *Seizer* v. *Mali*, 11 Abb. Pr. 129, 131; *Douglass* v. *Ireland*, 73 N. Y. 100; *L. S. I. Co.* v. *Drexel*, 90 id. 87; *Hubbell* v. *Meigs*, 50 id. 480; *Morgan* v. *Skiddy*, 62 id. 319; *Schwenk* v. *Naylor*, 102 id. 683.) A new trial should be granted under the rule that if inadmissible evidence is introduced, an error is committed which is not cured by striking the same out or instructing the jury to disregard it. (*Erben* v. *Lorillard*, 19 N. Y. 302; *Lindsay* v. *People*, 63 id. 143, 154; *Furst* v. *S. A. R. R. Co.*, 72 id. 542, 546; *Coleman* v. *People*, 58 id. 555, 561; *People* v. *Smith*, 104 id. 491.)

*Robert Sewell* for respondent. The plaintiff's appeal from the order denying the motion for a new trial is, *in limine*, untenable and irregular. (*DeLuce* v. *Kelly*, 5 Wkly. Dig. 32; *Gray* v. *N. Y. F. E. Co.*, 13 id. 140; *Cheny* v. *N. Y. C. & H. R. R. R. Co.*, 16 Hun, 419.) The verdict was in accordance with and not against the weight of evidence. (Kerr on Fraud, 83–85; *Ellis* v. *Andrews*, 56 N. Y. 83, 86; *Chrysler* v. *Canaday*, 90 id. 272, 279; *Directors, etc.*, v. *Kish*, L. R. [2 H. L. Cas.] 99; *Morris* v. *Sherrill*, 63 Barb. 21.) Plaintiff's exceptions are untenable. (49 N. Y. 577; *Hubbell* v. *Meigs*, 50 id. 480; *Quimby* v. *Strauss*, 90 id. 664; *Tooley* v. *Bacon*, 70 id. 34; *Tenney* v. *Berger*, 93 id. 524, 531; *Brockway* v. *Ireland*, 61 How. Pr. 372; Cook on Stockholders, § 47; Kerr on Fraud, 83–85; Boone on Corp. § 111; *Gale* v. *Gale*, 19 Barb. 249; *Wells* v. *Cone*, 55 id. 585, 589; *People* v. *Chacon*, 102 N. Y. 669.) The testimony of mining experts at Leadville, adduced on behalf of defendant, was properly introduced, and if any error was made, it was in withdrawing it from the jury. (*Viele* v. *Goss*, 49 Barb. 96; *Taylor* v. *Bradley*, 39 N. Y. 144; *Platner* v. *Platner*, 78 id. 90.) Plaintiff has no just ground for complaint as to the introduction of the testimony of the mining experts at Leadville. (*Marks* v.

*King,* 64 N. Y. 628 ; *Platner* v. *Platner,* 78 id. 90 ; *Pontius*
v. *People,* 82 id. 339 ; *People* v. *Smith,* 104 id. 491 ; *Mande-*
*ville* v. *Guernsey,* 51 Barb. 104 ; *Carley* v. *N. Y.,* etc., *R. R.*
*Co.,* 16 N. Y. S. R. 307.) The effect of the testimony of
mining experts at Leadville was neutralized by its subsequent
withdrawal from the jury. (*P. Co.* v. *Roy,* 102 U. S. 459.) The
complaint is laid on conspiracy, but no proof of conspiracy
between the defendants was given. (*Hutchins* v. *Hutchins,*
7 Hill, 107.) Even if the verdict had been for plaintiff it
could not be sustained for want of proof by him of *scienter.*
(*Meyer* v. *Amidon,* 45 N. Y. 169 ; *Moore* v. *Noble,* 53 Barb.
425 ; *Wakeman* v. *Daley,* 44 id. 498 ; *Brick* v. *Fowler,* 12
Wkly. Dig. 310 ; *Lamb* v. *Kelsey,* 54 N. Y. 645 ; *Stitt* v.
*Little,* 63 id. 427 ; *Morehouse* v. *Yeager,* 71 id. 594 ; *Smith*
v. *Chadwick,* L. R. [20 Ch. Div.] 67 ; *Collins* v. *Evans,*
L. R. [5 Q. B.] 804 ; L. R. [14 App. Cas.] 337, 380.)

PARKER, J. During the progress of the trial the defendant
read in evidence the testimony of several witnesses taken on
commission. This included similar, but irrelevant statements
made by three of them. That of the first was read before
objection made and counsel promptly moved to strike it out,
and the motion was denied. As to the other witnesses, the
objectionable testimony was received under exception.

Subsequent reflection led the court to the conclusion that it
should not have been admitted, and in the charge to the jury
an attempt was made to rectify the error. The court, referring
to the improper evidence, said : " I withdraw it from your
consideration, as I do not believe it to be proper or material
evidence. * * * I do not think my attention was directed
to it with that degree of care that it should have been ; and,
therefore, it got in. I think it my duty to say to you that
that particular portion of the answer to the seventh interroga-
tory which I have stated, as to these miners making up a pool
for the purchase of this stock, is not before you as evidence
at all." The remarks we have quoted afford an illustration of
the embarassment which not infrequently confronts a trial

judge. Occasionally he finds that evidence has been admitted which would not have been, had his attention been sharply called to it when offered. The omission of counsel to do so may have been induced by doubt as to the correctness of his position, or because he did not, at the time, regard it important, or, as sometimes happens, because he deemed it more desirable to secure an exception than to exclude the evidence. And the question, then, as now presented is, has the court the power to save the parties from the consequences which must flow from the error if not corrected? It is now settled that if the mistake be immediately discovered and the evidence promptly stricken out, the error will be deemed cured and the exception to its admission deprived of all potency. (*Gall* v. *Gall*, 114 N. Y. 109.) Now, while the court did not, in terms, strike the evidence from the record, that which it did do was, so far as its effect upon the jury was concerned, equivalent to such action.

They were informed that the objectionable testimony was not before them as evidence at all. And we are of the opinion that such instruction, coupled with the positive direction to disregard it, must be deemed to have been effectual for the purpose intended.

The course adopted by the trial court would seem to be in harmony with the theory upon which the practice governing trials by jury is founded. It assumes that the jury will give heed to the suggestions of the court. If the court err in its charge, and, upon timely discovery, correctly instruct the jury, the mistake is righted. Because an error can be so readily and effectively corrected, a general exception to each and every of several responses of the court to requests to charge, is not available. The exception must be specifically taken. For the reason that if the court's attention be thus called to a faulty direction it may at once correct it. A proper administration of justice requires that an effort be made to correct, rather than perpetuate errors. If an erroneous instruction upon a material point, duly excepted to, be not corrected, the appellate court is bound to presume that the verdict of the jury

was influenced thereby, and a reversal will be had. No reason suggests itself for indulging in a different presumption when the instruction tends to support a judgment, if, as in this case, there is other evidence upon which the verdict could have been based. It has been established by well-considered authority in this state that when evidence is admitted upon a trial by jury, either without an exception, or properly under objection, which, for any reason, should not be considered by the jury, it is not error for the court to refuse to strike it out. The remedy of the party is to ask the court to instruct the jury to disregard it. (*Marks* v. *King*, 64 N. Y. 628; *Platner* v. *Platner*, 78 id. 90.)

It is insisted that another rule applies when objection is timely made to irrelevant evidence. If that were so, then in the case before us, the counsel could be relieved from the effect of his error in permitting the first answer to be read in evidence without objection, by a request to the court that the jury be directed to disregard it. And at the same time retain his exception to the subsequently admitted testimony of like character. Thus his own error would prove of advantage to him. The effect of the improper evidence would be destroyed by the required instruction, while a valid exception as to the admission of subsequent and similar testimony would remain, leaving the court powerless to relieve the parties from the effect of its mistake. Fortunately trial courts are not hampered by such inconsistent and impracticable rules.

The Supreme Court of the United States, in *Pennsylvania Company* v. *Roy* (102 U. S. 459), has held that where the court instructs the jury to disregard testimony, and there is other evidence to support the verdict, it will be presumed that the instructions were obeyed and the error in its admission cured.

Our attention has not been called to any decision of this court which we regard as necessarily in conflict with such conclusion. In *Erben* v. *Lorillard* (19 N. Y. 299), it appears, from the opinion of Judge DENIO, that the improper evidence related to the measure of damages, and, after its admission,

the trial proceeded on the assumption that it established a rule which controlled the conduct of the trial, so that when the court instructed the jury to disregard the improper testimony the case was without other evidence warranting the verdict given. A reversal was, therefore, required. *Furst* v. *S. A. R. R. Co.* (72 N. Y. 542) does not present the question. Against the objection of defendant improper evidence was admitted. Plaintiff's counsel, discovering the error, proposed to have it stricken out, and the proposition was declined.     The trial court did not attempt to correct the error it had made, and Judge RAPALLO, in delivering the opinion of the court, said: "The court made no ruling, and gave no instruction to the jury on the subject." .

The views expressed lead to the conclusion that the instruction given to the jury by the trial court must be deemed to have corrected the error complained of.

The learned court at General Term expressed no difference of opinion, except as to the question we have considered.     It satisfactorily discussed such other exceptions as required consideration.

The judgment should be affirmed.

All concur.

Judgment affirmed.