MARY HOGAN, as Executrix, etc., Respondent, v. THE MUTUAL AID
AND ACCIDENT ASSOCIATION, Appellant.

*Evidence admitted — its retention, after it is found to be incompetent, is discretionary — hearsay evidence as to the age of a decedent.*

When evidence is admitted upon a trial by jury without objection, or is at the time properly admitted under objection, which, for reasons subsequently appearing, should not be considered by the jury, its retention is discretionary with the court, and it is not error to refuse to strike it out. The remedy of the party is to ask the court to instruct the jury to disregard it.

The evidence of two brothers of a decedent as to his age, on the trial of an action brought upon a life insurance policy, is competent although it was shown that they were respectively small children at the time of their brother's birth, and could not, independently of the statements of their father and of what had always been said and understood in the family, recollect the date of the birth of the decedent, although they remembered him from their infancy and knew about their own ages, and grew up with him.

APPEAL by the defendant, The Mutual Aid and Accident Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 21st day of February, 1893, upon the verdict of a jury for $2,133.33, after a trial at the Niagara County Circuit, and also from an order entered in the said clerk's office on the same day, denying the defendant's motion for a new trial, made upon the minutes.

*Henry M. Hill*, for the appellant.

*P. F. King*, for the respondent.

HAIGHT, J.:

This action was brought to recover the sum of $2,000 upon a policy of insurance, issued by the defendant upon the life of Hugh O'Haire, the plaintiff's testator.

The defense was that the deceased, in his application for insurance, had falsely represented his age to be but forty-seven, when in fact he was much older, and that in his application he had agreed that his representations should form the basis of his contract with the defendant.

Upon the trial the plaintiff called as witnesses Patrick and John O'Haire, elder brothers of the deceased, who testified that he was

born in County Louth, Ireland, in the year 1838. Patrick was born in 1830 and John in 1833, so that one was eight years and the other five years older than the deceased. On the cross-examination they conceded that they could not recollect the circumstances of the birth of Hugh or the year, independent of the statements of their father and the general talk in the family, but Patrick recollected him as an infant in the cradle, and John as a boy running around when he, the witness, was seven or eight years of age.

No objection was made to the reception of this evidence. After it had been taken the defendant moved to strike it out. The court refused and an exception was taken. This presents the only question which we are requested to consider upon this review.

We think that the ruling of the trial court was correct. When evidence is admitted upon a trial by jury, without objection, or properly under objection, which for reasons subsequently appearing should not be considered by the jury, its retention is discretionary with the court, and it is not error to refuse to strike it out. The remedy of the party is to ask the court to instruct the jury to disregard it. (*Marks* v. *King*, 64 N. Y. 628; *Platner* v. *Platner*, 78 id. 90; *Holmes* v. *Moffat*, 120 id. 159–163; *Pontius* v. *People, etc.*, 82 id. 339.)

But in this case the court could not properly, in its discretion, strike out the evidence or instruct the jury to disregard it. The testimony of the witnesses was but partially impaired by their cross-examination. They were small children and could not, independently of the statements of their father and what had always been talked and understood in the family, recollect the year of the birth of Hugh, but they remembered him from infancy, knew about their own ages, grew up with him, etc., pertinent facts bearing upon the age of Hugh and which enabled the witnesses to know and testify nearly, if not, to the exact year of his birth.

The judgment and order should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment and order appealed from affirmed.