WILLARD BARTLETT, J.
—This is an action for the par, tition of certain real estate in the county of Westchesterwhich Avas formerly owned by Frederick W. Rau, the husband of Carolina Rau, the respondent. On May 22, 1871, he executed a conveyance of the premises to Martin Heldt in trust to receive the rents, issues, and profits therof and apply the same to the use of Frederick Rau, of Spielberg, in the grand duchy of Baden, during the term of his natural life, and after the death of the said Frederick Rau to sell the property, and pay over the proceeds of the sale to the heirs of the said Frederick Rau who should then be living. This deed, according to the testimony of Martin Heldt, was delivered to him by Frederick W. Rau, the grantor, in the year 1871. He did not record it at once however, but kept it in his possession until March 17, 1894, when it was placd upon record in the register’s office of Westchester county. The trustee never took possession of any part of the premises, but they remained in the possession of Frederick W. Ran,, the grantor, and his wife the respondent, up to the time of the death of Frederick W. Rau, which occurred on December 24, 1893, and the widow has been in possessor ever since. Frederick Rau, of Spielberg, the first beneficiary named in the trust deed, died in 1894; and in 1895, after *524 Martin Heldt the trustee, had recorded this deed, he made a conveyance of the premises to the defendants Jacobina Fleck, Charles A. Rau, Emil Rau, and Max Rau, who are four of the heirs of the said Frederick Rau, of Spielberg, and who brought this suit, as plaintiffs, for the partition of the property, in which they claim to have thus acquired an interest* The only defendant who interposed an answer was the widow of Frederick W. Rau, who alleged, and prove to the satisfaction of the trial court, that she had no knowledge or notice of the exisence of the trust deed from her husband to Martin Heldt until after the same was recorded, on March 17, 1894; that on or about the 21st day of Novenber, 1889, her husband conveyed the premises in question to one Frederick L. Schmeisohl, and the said Frederick L. Schmeisohl conveyed them to her; that this transfer through an intermediary was made in consideration of a large indebtedness existing on the part of Frederick W. Rau to his wife, and of the payment by her to him of $6.000 at the time of the delivery of the deeds; and that these facts made the respondent Carolina Rau the lawful owner and holder of the property, and deprived the plaintiffs of any interest therein. There being no certificate or statement that the case on appeal contains all the evidence; the findings of the learned judge at special term are conclusive upon us unless there was some other error in the admission or exclusion of testimony which calls for a reversal. Porter v. Smith, 107 N. Y. 531, 14 N. E. 446. We find no such error. The deed from the respondent’s husband to Schmeisohl is lost, and the defendant was obliged to rely upon oral evidence to establish its character and contents. Some of this testimony was put in before the loss of the deed had been sufficiently proved, but this omission was supplied subsequently, during the trial, by the respondent herself, who swore that she had searched for the instrument in vain among her own papers and those of her deceased husband. The proof as to what this lost deed contained was rather meager, and consisted to a great extent of statements of conclusions of fact, rather than of specific facts themselves. It hardly came up to the standard declared in Edwards v. Noyes, 65 N. Y. 125, where the court, speaking through Earlj C., said:
“Parol evidence to establish the contents of the lost deed should be clear and certain. It should show that the deed was properly executed with the formalities required by law, and should show all the contents of the deed, not literally, but substantially. If anything less than these requirements would suffice, evil practices, which it was the object of the statute of frauds to prevent, would be encouraged.”
But it may be that there was. other testimony, not printed *525 in the appeal book, which strengthened the case in this respect; and we cannot interfere with the judgment, as already stated, on the ground of the insufficiency of the evidence to sustain the findings.
In addition to proof concerning the contents of the missing deed, the defendant gave evidence as to declarations made by her husband to the effect that he had conveyed to Schmeisohl. One John Schlobaum testified that Frederick W. Rau, the respondent’s husband, with whom he was intimately acquainted, told him that “he had deeded his property to a gentleman in New York by the name of Schmeisohl, and from Schmeisohl over to his wife, and he thought it was not necessary for him to make a will just yet.” Proof of this declaration would not have been admissible, if proper objection had been interposed. The person making it had long ago parted with the legal title to the land, by the execution and delivery of the trust deed and the declaration was in no sense against his interest, but, so far as the claim of the plaintiffs was concerned, plainly in favor of his interest. But there is no objection or exeception in the ease which raises the question of its admissibility, or which could have brought any such question to the attention of the trial judge. Mr. Schlobaum was merely asked whether he had ever had any conversation with Frederick W. Rau at a specified time. The question was objected to as immaterial, irrelevant, and incompetent. The objection was overruled, and plaintiffs’ counsel excepted. The exception was not well taken. The question did not call for the conversation, but merely asked whether there had been any conversation or not, and was fully and responsively answered when the witness said, “Yes, sir.” Thus far there was no error. The record is largely made up in narrative form, and these words are followed at some distance by a statement of what Frederick W. Rau said to the witness about having made a deed to Schmeisohl. It may well be, therefore, that another question was asked, calling for this conversation, to which no objection was made. The real ground of complaint, if any, on the part of the plaintiffs, is that the witness was then allowed to go on and volunteer testimony. But, so far as appears, no objection was made to his course in this respect, nor was any motion made to strike such testimony out. This was requisite in order to raise the question. Platner v. Platner, 78 N. Y. 91; Holmes v. Moffat, 120 N. Y. 159, 30 S. R. 779; Hickenbottom v. Railroad Co., 122 N. Y. 91, 33 S. R. 312. The motion to strike out which was made at the end of the trial did not accomplish this purpose. It was the renewal of a motion made earlier in the case, and there was nothing in it which recalled to the mind of the *526 court the declaration to which Scholbaum had testified. The motion related to testimony about the deeds, and was too general to testify us in saying that the court understood, ought to have undeistaod, that it referred as well to Frederick W. Rau’s declaration made to Schlobaum.
The judgment should be affirmed, with costs .
' All concur.