(34 Misc. Rep. 463.)

## PEOPLE v. DOODY.

(Supreme Court, Special Term, Kings County. April, 1901.)

PERJURY—APPEAL—CERTIFICATE OF REASONABLE DOUBT—HARMLESS ERROR.
    Where defendant was on trial for perjury, the reading in evidence of the stenographer's report of defendant's examination at the trial where the alleged false testimony was given, wherein the presiding judge had characterized him as an unwilling witness who had to be probed for the truth, was a technical error, not sufficient to influence a fair jury, and not sufficient ground for a certificate of reasonable doubt.

Daniel Doody was convicted of perjury, and applied for a certificate of reasonable doubt. Application denied.

Jerry A. Wernberg, for the application.
John F. Clarke, Dist. Atty., for the People.

GAYNOR, J.  There seem to be some technical errors.  For instance, in reading in evidence the stenographic report of the defendant's examination on the trial of Fielding, on which the indictment herein against the defendant for perjury was found, the district attorney was permitted to read statements and comments of the district attorney and of the presiding judge during such examination.  A comment of the judge so read characterized this defendant as an unwilling witness who needed to be probed to get the truth out of him. It is claimed that this opinion of him by the learned judge in that case must have influenced the minds of the jury herein against this defendant.

The rule seems to be that where evidence has been erroneously admitted, or other errors exist, a reversal of the judgment of conviction must follow, unless "the appellate tribunal can see that by no possibility could the error have worked any harm to the defendant."  People v. Koerner, 154 N. Y. 355, 48 N. E. 730.  The growing tendency in this state during the last 30 years or more has been as we all know, and as is sufficiently shown by the case cited, to reverse judgments of conviction on technical errors without regard to the merits of the case.  To say that by "no possibility" could the jury have been affected by a given erroneous ruling of the trial judge has obviously enough been found a hard thing.  I find that since 1870 there have been in this state about 607 appeals from criminal convictions to our highest court of appeal, and that over 20 per cent. of them were reversed.  If these reversals had been on the merits, and thus indicated that the defendants were not guilty, they would indicate that much more than 20 per cent. of the convicts in our state prisons are innocent of the crimes for which they are suffering, for only a comparatively few persons convicted of crime are financially able to appeal at all, much less appeal to our highest court of appeal. We have come to applying a rule of perfection to criminal trials, or very near to it, although such a rule is known to all mankind to be an impossible one, and is by common consent not applied to human affairs.  The record of a criminal trial has to be practically perfect in order to sustain a conviction on appeal.  It is reviewed mainly with an eye to technical errors, instead of to the merits on the whole case, as is the rule in other jurisdictions.

The foregoing points out the standpoint from which a judge must view the case on the question which the application for a stay of the judgment of conviction pending an appeal presents, viz., whether there is "reasonable doubt whether the judgment should stand."  Cr. Code, § 527.  But it seems to me that on the question whether the judge is able to say whether the jury were influenced by an error in a ruling, they must be considered as men of good, if not superior, intelligence, judgment, discernment, discretion and honesty, and as not capable of being influenced to the defendant's hurt by things which would not so influence such men.  It is not reasonable to say that they could even "possibly" be so influenced by that which should not

influence such men. To act on a contrary theory is to place trial judges and jurors below par in the qualities mentioned.

In this view I do not think any error .has been pointed out for which a stay should be granted.

Application denied.