## WAGER v. CORWIN.

(Supreme Court, Appellate Division, Second Department.  May 29, 1902.)

HARMLESS ERROR—TRIAL—ACTION ON CONTRACT—OFFER OF SETTLEMENT—
    EVIDENCE—WITHDRAWAL OF JUROR.
    Under Code Civ. Proc. § 738, providing that an offer for settlement cannot be given in evidence on the trial where, in an action on contract, plaintiff's counsel persists in asking defendant if he had not made an offer for settlement, and states that such offer was made, and calls for its production, and the court excludes all such questions, and instructs the jury to disregard them, the error, if any, in denying defendant's request to withdraw a juror for such conduct, is corrected.

Appeal from trial term, Orange county.

Action by David P. Wager, as surviving partner of the firm of David P. Wager & Son, against John E. Corwin.  From a judgment for

plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George H. Decker, for appellant.
W. T. Shaw, for respondent.

GOODRICH, P. J. The firm of which the plaintiff is the surviving partner entered into a written contract with the defendant, who was the owner of stores in Middletown, whereby the firm agreed to lay a stone sidewalk in front of the defendant's buildings for the sum of $700. The contract provides that the firm should lay a "stone flag walk in front of the Corwin Block, on North street, in the said city of Middletown, commencing at a point at the intersection of the curb line thereof with the line of the southerly brick wall of the building, * * * and extending to and including the curb of John street, in said city, a distance of about one hundred and ten (110) feet; said flag walk to be covered with not more than fifteen (15) stones, twelve (12) feet in length and not less than four and one-half (4½) inches in thickness, in the thinnest part thereof, free from all defects, wind, and cracks." The side walls of the buildings are not on right angle lines with the curb, so that, if the southerly wall were extended to the curb line, it would be 3 feet 8 inches from such right angle line, forming a triangular space running up to the front of the buildings. By request of the defendant the firm began the work by setting the first flag at the corner of John street, and from that place toward the southerly end. The firm set 15 stones but left the triangle uncovered, and the defendant claims that the work did not comply with the contract. The plaintiff alleges and the defendant denies substantial compliance in this and other particulars, and this was the issue tried before the jury. It is not useful to refer to the testimony. There was sufficient to require submission to the jury. This was fairly done, and the jury found a verdict for the plaintiff, from the judgment entered on which the defendant appeals.

I find no tenable exceptions to the charge. During the trial the plaintiff's counsel, on the cross-examination of the defendant, inquired as to whether he had not offered to pay the plaintiff a certain sum in settlement, and the court excluded the answer. The plaintiff's counsel followed this with the remark, "They have made an offer of judgment," and demanded production of the original offer of judgment, to which the court replied that he had no right to ask for it. The plaintiff's counsel after this asked the defendant whether he ever made such an offer, and the court excluded the answer. Plaintiff's counsel also asked defendant's foreman whether the defendant had not said he was willing to pay a certain amount and settle the business. This also was excluded. After each question and the remark of counsel, defendant's counsel asked permission to withdraw a juror, and permission was refused. This method of attempting to introduce matter is forbidden by section 738 of the Code of Civil Procedure, which says that "the offer cannot be given in evidence upon the trial." The attempt would

have justified the court in granting the defendant's motion, but in the exercise of discretion the court denied the motion, and in the principal charge, and without request of the defendant, positively and directly instructed the jury to disregard it. Under the authorities, the error, if any, in denying the motion to withdraw a juror, was corrected. See Holmes v. Moffat, 120 N. Y. 159, 24 N. E. 275, and cases therein cited. We think the case was fairly submitted to the jury, and cannot discover any such preponderance of evidence as to require a reversal.

The judgment should be affirmed, with costs. All concur.