DAVID P. WAGER, as Surviving Partner of the Firm of DAVID P. WAGER & SON, Respondent, v. JOHN E. CORWIN, Appellant.

*Attempt to disclose to the jury an offer of judgment — it justifies the withdrawal of a juror — error, how corrected.*

An attempt on the part of one of the parties to an action, which is being tried before a jury, to place before the jury the fact that his adversary has made an offer of judgment, will justify the trial justice in granting the adversary's motion to withdraw a juror, but the error, if any, involved in the denial of such motion, is cured where the trial justice, in his charge, positively and directly instructs the jury to disregard the alleged offer.

APPEAL by the defendant, John E. Corwin, from a judgment of the County Court of Orange county in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 3d day of April, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of April, 1901, denying the defendant's motion for a new trial made upon the minutes.

*George H. Decker*, for the appellant.

*W. T. Shaw*, for the respondent.

GOODRICH, P. J.:

The firm of which the plaintiff is the surviving partner entered into a written contract with the defendant, who was the owner of stores in Middletown, whereby the firm agreed to lay a stone sidewalk in front of the defendant's buildings for the sum of $700. The contract provides that the firm should lay a "stone flag walk in front of the Corwin Block, on North Street, in the said city of Middletown, commencing at a point at the intersection of the curb line thereof with the line of the southerly brick wall of the building * * * and extending to and including the curb of John Street, in said city, a distance of about one hundred and ten (110) feet; said flag walk to be covered with not more than fifteen (15) stone, twelve (12) feet in length and not less than four and one-half (4½) inches in thickness, in the thinnest part thereof, free from all defects, wind and cracks."

The side walls of the buildings are not on right angle lines with the curb, so that if the southerly wall were extended to the curb line, it would be three feet eight inches from such right angle line, forming a triangular space running up to the front of the buildings. By request of the defendant the firm began the work by setting the first flag at the corner of John street, and from that place toward the southerly end. The firm set fifteen stones but left the triangle uncovered, and the defendant claims that the work did not comply with the contract. The plaintiff alleges and the defendant denies substantial compliance in this and other particulars, and this was the issue tried before the jury.

It is not useful to refer to the testimony. There was sufficient to require submission to the jury. This was fairly done and the jury found a verdict for the plaintiff, from the judgment entered on which the defendant appeals.

I find no tenable exceptions to the charge. During the trial the plaintiff's counsel, on the cross-examination of the defendant, inquired as to whether he had not offered to pay the plaintiff a certain sum in settlement and the court excluded the answer. The plaintiff's counsel followed this with the remark, "They have made an offer of judgment," and demanded production of the original offer of judgment, to which the court replied that he had no right to ask for it. The plaintiff's counsel after this asked the defendant whether he ever made such an offer and the court excluded the answer. Plaintiff's counsel also asked defendant's foreman whether the defendant had not said he was willing to pay a certain amount and settle the business. This also was excluded. After each question and the remark of counsel defendant's counsel asked permission to withdraw a juror and permission was refused. This method of attempting to introduce matter is forbidden by section 738 of the Code of Civil Procedure, which says that "the offer cannot be given in evidence upon the trial." The attempt would have justified the court in granting the defendant's motion, but in the exercise of discretion the court denied the motion, and in the principal charge, and without request of the defendant, positively and directly instructed the jury to disregard it. Under the authorities the error, if any, in denying the motion to withdraw a juror was corrected. (See *Holmes* v. *Moffat*, 120 N. Y. 159, and cases therein cited.)

We think the case was fairly submitted to the jury and cannot discover any such preponderance of evidence as to require a reversal.

The judgment should be affirmed.

All concurred.

Judgment and order affirmed, with costs.