Laws 1888, p. 43, c. 40, as amended by Laws 1889, p. 154, c. 125.

That language is clear and easily understood. It was the intention of the Legislature to give to the people of Hornellsville justices' courts, with jurisdiction similar to that of justices' courts of the towns, and it had a clear right to do this under Const. art. 6, § 17. Canisteo, where the defendant resided, and where the summons in this case was served, adjoined the town of Hornellsville, out of which the city of Hornellsville was erected; and it seems reasonable to assert that, if the Legislature had intended that the jurisdiction of justices of the peace of the city of Hornellsville should be limited to cases where one or both of the parties resided in any town or towns of Steuben county adjoining the "city," instead of the "town," that language would have been adopted.

I have examined the numerous cases cited by the learned counsel for the appellant, but I cannot see that any of them can be considered an authority here, for the facts in each of the cases are not similar to the facts in the case at bar. I am very clearly of the opinion that the case of Desmond v. Crane, 39 App. Div. 190, 57 N. Y. Supp. 266, must be controlling here; that the courts of justices of the peace of Hornellsville are not inferior local courts, but that the Legislature had power under the Constitution to provide for the justices of the peace in Hornellsville jurisdiction similar to that of justices of the peace of the towns; and that such was the intention of the Legislature in passing the amended charter of the city, above quoted.

The interesting cases of Armstrong v. Kennedy, 23 Misc. Rep. 47, 51 N. Y. Supp. 509, and Shaeffer v. Steadman, 24 Misc. Rep. 267, 53 N. Y. Supp. 586, are in line with the foregoing conclusions. If I am correct in these views, it follows that the judgment appealed from must be affirmed.

Judgment affirmed, with costs.

---

(44 Misc. Rep. 379.)

## PEOPLE v. SMITH.

(Court of General Sessions, Kings County. July, 1904.)

1. CRIMINAL LAW—ADMISSION OF EVIDENCE—HARMLESS ERROR.

On trial for murder in the first degree illegal evidence was received, which on the next day of the trial was stricken out, and the jury was instructed to disregard it. *Held* not ground for certificate of reasonable doubt, where on all the evidence the guilt of the accused of murder in the second degree, of which he was convicted, was clear.

Thomas C. Smith was convicted of murder in the second degree, and applies for certificate of reasonable doubt. Denied.

Lorlys Elton Rogers, for the motion.
Edward Sanford, opposed.

GAYNOR, J. The defendant claimed that the pistol shot which killed the deceased was accidental. The learned trial judge admitted in evidence an oral statement of the deceased to a police officer that the defendant shot her intentionally, to which the defendant's counsel ex-

cepted. The said counsel afterwards moved to strike the evidence out. The motion was granted in part, and the next day on the coming in of the court the learned trial judge resumed consideration of the matter at his own instance, and granted the motion in respect of all the evidence, and instructed the jury to disregard it. Was the error cured? No one can tell how that will be finally decided by reading the decisions of our highest court. A strong tendency exists in our appeal courts to regard jurymen as below par in intelligence and judgment, and quite incapable of resisting prejudice, whereas the theory of our system of government and laws is to the very contrary, i. e., that they are better fitted to judge the facts, and less likely to be unduly influenced, especially in criminal prosecutions, than judges. The rule in this state that it must appear that the error "could by no possibility have prejudiced the defendant" (People v. Koerner, 154 N. Y. 376, 48 N. E. 730), seems to me to have been based on the assumption that a jury is intellectually unfit to try a case, and is giving way by degrees. For a bench of judges to complaisantly say, "Of course this error would not have affected us, but we cannot say that it did not possibly affect the jury," not only puts the jury below the learned judges in intelligence and common sense, but seems to put them below average intelligence and common sense, whereas the law rates them to the very contrary. It is also applying a rule of perfection to trials, whereas no such rule is applicable to any of the affairs of men.

The error in this case was a hard one on the defendant, but in view of all of the evidence, and of the clearness of the defendant's guilt, it does not seem to me that it may be reasonably said that the jury were affected by the evidence which was struck out. On the contrary, the assumption ought to be that they were not, but that they disregarded it as they were instructed to do. Gall v. Gall, 114 N. Y. 109, 21 N. E. 106; Holmes v. Moffat, 120 N. Y. 159, 24 N. E. 275; People v. Schooley, 149 N. Y. 99, 43 N. E. 536; People v. Doody, 34 Misc. Rep. 463, 69 N. Y. Supp. 724.

Application denied.