### BALL et al. v. SHELDON (two cases).

(Circuit Court of Appeals, Second Circuit. December 15, 1914.)

Nos. 105, 106.

1. HUSBAND AND WIFE (§ 232*)—ACTIONS FOR INJURIES—EVIDENCE.
   Where a married woman's action for personal injuries and her husband's action for expenses incurred and for the loss of her services and companionship were tried together, her testimony as to the number of their children was material on the question of the husband's expenses and therefore properly admitted.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 844–848, 981; Dec. Dig. § 232.*]

2. TRIAL (§ 83*)—EVIDENCE—SUFFICIENCY OF OBJECTIONS.
   In an action for personal injuries, plaintiff's testimony that her hearing was impaired prior to the accident, but that the condition was stationary, and not progressive, until the accident, after which it became very much worse, was properly admitted over the objection that it was a conclusion, and that it was incompetent, irrelevant, and immaterial.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 193–210; Dec. Dig. § 83.*]

3. TRIAL (§ 89*)—RECEPTION OF EVIDENCE—MOTIONS TO STRIKE OUT.
   Where testimony properly admitted over objection subsequently becomes incompetent, the proper remedy is to ask the court to direct the jury to disregard it, and not to move to strike it out.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 228–234; Dec. Dig. § 89.*]

4. EVIDENCE (§ 574*)—PERSONAL INJURIES—CERTAINTY—EXPERT EVIDENCE.
   In an action for personal injuries, the testimony of an expert witness for plaintiff that plaintiff's increased deafness might have resulted from the accident, but that he could not say so with certainty, did not render incompetent testimony previously admitted as to such increased deafness, as in New York the "reasonable certainty" rule applicable to the testimony of medical experts is confined to developments apprehended in the future, and does not apply to conditions present at the time of the trial.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2400; Dec. Dig. § 574.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Southern District of New York.

C. S. Petrasch, of New York City, for plaintiffs in error.

C. H. Tuttle, of New York City, for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. February 17, 1913, Mabel M. Sheldon, while crossing Broadway at Thirty-Second street, was knocked down at or near the curb on the west side by a wagon coming south down Broadway belonging to Best & Co., the defendants. Two actions were begun in the District Court, one by Mr. Sheldon to recover damages for expenses incurred and for loss of the services and companionship of his wife and one by the wife to recover damages for her personal injuries. Both cases were by agreement tried together. The jury rendered verdicts in favor of the plaintiffs, and these are writs of error to the judgments entered thereon.

[1] The plaintiffs in error contend that the judgments should be reversed because after the court, following Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141, sustained an objection to the question addressed to Mrs. Sheldon, "How many children have you had?" she several times thereafter in her testimony referred to the children. The defendants objected on the ground that the testimony was immaterial; but it was material in the husband's case on the item of his expenses, and as both cases were tried together it was properly admitted.

[2] The only other exception we think necessary to consider is that taken to the admission of testimony that the wife's hearing was affected by the accident. It is true that there was no specific allegation in the complaint as to any impairment of hearing, but the testimony was not objected to on that ground. Mrs. Sheldon testified that she had suffered from an impairment of her hearing resulting from an attack of diphtheria many years before her marriage, but said that the condition was stationary, and not progressive, until the accident, after which the deafness in her right ear became very much worse. The only objection taken was that this was a conclusion on her part, and that the testimony was incompetent, irrelevant, and immaterial. These objections were rightly overruled.

[3, 4] Subsequently Dr. Ewing, an expert witness on behalf of the plaintiffs, testified that the increased deafness in Mrs. Sheldon's right ear might have resulted from the accident, although he could not say so with certainty. Thereupon defendants' counsel moved to strike out all the testimony as to impairment of hearing, on the ground that it was not connected with the accident, which the court denied, and the defendants excepted. The correct practice, when testimony properly admitted over objection has subsequently become incompetent, is not to move to strike it out, but to ask the court to direct the jury to disregard it. Marks v. King, 64 N. Y. 628; Holmes v. Moffatt, 120 N. Y. 159, 24 N. E. 275. However, Dr. Ewing's testimony that the increased deafness might have been due to the accident did not make the testimony previously admitted incompetent. The Court

218 F.—51

of Appeals of New York has several times decided that the "reasonable certainty" rule applicable to the testimony of medical experts is confined to developments apprehended in the future, and does not apply to conditions present at the time of testifying. Cross v. City of Syracuse, 200 N. Y. 393, 94 N. E. 184, 21 Ann. Cas. 324.

It was quite proper to permit Mrs. Sheldon and other witnesses to say what they had noticed in respect to her hearing after, as compared with it before, the accident. The injuries were chiefly on the right side of her face and head, and the jury were entirely competent to determine whether there was an increase of deafness in the right ear after the accident, and, if so, in view of Dr. Ewing's testimony whether it was due to the accident.

The judgments are affirmed.